[No. 12928.   Department One. — March 2, 1891.]

## HANNAH NOONE, Respondent, *v.* THE TRANS-ATLANTIC FIRE INSURANCE COMPANY, Appellant.

Fire Insurance — Representation in Policy — Distance from Other Buildings — Warranty. — In an insurance policy which concludes with a covenant or agreement that the statements therein contained are true, "so far as known to the applicant," a statement to the effect that the building insured was ninety feet from other buildings does not amount to a warranty that it is so situated.

Id. — Construction of Policy — Truth of Statements — Conditions Precedent. — An insurance policy containing contradictory provisions, or so framed as to leave room for construction rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, should be construed so as not to impose an obligation of a warranty upon the assured.

Id. — Instruction as to Warranty — Materiality of Representation — Question of Law — Error without Injury. — If the provisions of the policy and the application, taken together, amount to a warranty as to the exact truth of a representation contained in the policy, it is erroneous to instruct the jury that it is for them to determine whether the misrepresentation was or was not material; but if the truth of the representation is not warranted, the error is immaterial.

Id. — Certificate of Notary — Employment by Company — Notice of Reasons for Change of Notary. — Under a provision of a fire insurance policy requiring that in case of loss by fire the assured must obtain the certificate of the notary nearest the insured building, not concerned in the loss as a creditor or otherwise, nor related to the assured, as to the justice of the claim, where it appears that the nearest notary had refused to act, on the ground that he was employed by the insurance company, in ascertaining the facts and taking affidavits concerning the fire, the assured is relieved of the necessity of obtaining his certificate, and need not inform the company of the reason for obtaining the certificate of another notary.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*T. C. Van Ness,* and *Haggin & Van Ness,* for Appellant.

The stipulation in the contract as to the distance of
the building from others was a solemn engagement by
the assured that the representations made in the appli-
cation at the time they were made, and when the policy
became a contract, were true and correct.   (*Cowan*
v. *Phœnix Ins. Co.*, 78 Cal. 181.)   If any statement in the
application was untrue, the policy did not attach to the
risk.   (Civ. Code, secs. 2611, 2612.)   A false statement
as to the distance of the building from other buildings
avoids the policy.   (*Mamlock* v. *Franklin*, 65 N. Y. 556;
*Burritt* v. *Saratoga M. F. Ins. Co.*, 5 Hill, 188; 40 Am.
Dec. 345; *Frost* v. *Saratoga M. Ins. Co.*, 5 Denio, 154; 49
Am. Dec. 234; *Burleigh* v. *Gebhard Ins. Co.*, 12 N. Y.
Week. Dig. 235; *Tebbetts* v. *Hamilton Mut. Ins. Co.*, 1
Allen, 305; 79 Am. Dec. 740.)   A false statement in the
application avoids the policy.   (*Cooper* v. *Farmers' M.
F. Ins. Co.*, 50 Pa. St. 331; 88 Am. Dec. 544; *Wetherell* v.
*Maine Ins. Co.*, 49 Me. 200; *Ripley* v. *Ætna Ins. Co.*, 30
N. Y. 136; 86 Am. Dec. 362; *Sayler* v. *Northeastern Ins.
Co.*, 2 Curt. 612; May on Insurance, 2d ed., pp. 180–222.)
Furthermore, the policy provided that any erroneous
representation should avoid it, and hence any untrue
statement, whether in relation to a matter material to
the risk or not, would have that effect.   (*Graham* v. *Fire-
men's Ins. Co.*, 87 N. Y. 69; 41 Am. Rep. 348.)   The fail-
ure to furnish the required certificate bars recovery
upon the policy.   (*Columbia Ins. Co.* v. *Lawrence*, 10
Pet. 507; *Johnson* v. *Phœnix Ins. Co.*, 112 Mass. 49; 17
Am. Rep. 65; *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *Rou-
mage* v. *Mechanics' F. Ins. Co.*, 13 N. J. L. 110; *Alder-
man* v. *West of Scotland Ins. Co.*, 5 U. C. K. B. 37;
*Scott* v. *Phœnix Assur. Co.*, 1 Stu. 354.)   The certificate of
the next nearest magistrate or notary is insufficient.
(*Leadbetter* v. *Ætna Ins. Co.*, 13 Me. 265; 29 Am. Dec. 505;
*Lampkin* v. *Western Assur. Co.*, 13 U. C. Q. B. 237; *Gilli-
gan* v. *Commercial Ins. Co.*, 20 Hun, 93.)

*R. M. Fitzgerald*, for Respondent.

Any mistake as to the distance of adjoining buildings was not a warranty, and could not have been taken advantage of by the defendant, without proof of fraud or gross negligence, or knowledge upon the part of the assured of the falsity of the statement made. (*National Bank* v. *Insurance Co.*, 95 U. S. 673; *Fisher* v. *Crescent Insurance Co.*, 33 Fed. Rep. 549; *Clapp* v. *Massachusetts Benefit Ass'n*, 146 Mass. 519; *Wilkins* v. *Germania Ins. Co.*, 57 Iowa, 529; *Redmun* v. *Hartford Fire Insurance Co.*, 47 Wis 89; *Wallace* v. *German Ins. Co.*, 41 Fed. Rep. 743.) No more information should be required as to the loss than that which appears to be within the contract of the assured. (*Bumstead* v. *Dividend Mut. Ins. Co.*, 12 N. Y. 81.) If the proof was defective, the company waived all defect by not objecting on that ground, and denying its liability *in toto*. (Wood on Insurance, sec. 432; *Ætna Ins. Co.* v. *Shryer*, 85 Ind. 362; *Grange Mill Co.* v. *Western Assurance Co.*, 118 Ill. 396; *Commercial Union Assurance Co.* v. *Scammon*, 12 N. E. Rep. 324; *Ansell* v. *Hartford etc. Ins. Co.*, 32 Fed. Rep. 443; *O'Brien* v. *Ohio Ins. Co.*, 52 Mich. 131; *Kansas Protective Union* v. *Whitt*, 36 Kan. 760; *Carpenter* v. *Continental Ins. Co.*, 61 Mich. 635; *Swain* v. *Agricultural Ins. Co.*, 37 Minn. 390; *Brown* v. *State Ins. Co.*, 74 Iowa, 428; 7 Am. St. Rep. 495; *McPike* v. *Western Assurance Co.*, 61 Miss. 37; *East Texas Fire Ins. Co.* v. *Coffee*, 61 Tex. 287; *Millard* v. *Supreme Council*, 81 Cal. 340.)

BELCHER, C.—This was an action upon a policy of insurance. The plaintiff had a verdict and judgment for $3,717.50, and the defendant appeals from such judgment, and from an order denying its motion for new trial.

The grounds which are relied upon for a reversal are the following:—

1. It is argued that there was a breach of warranty in

relation to the distance of neighboring buildings from that which was covered by the insurance.

The policy contained the following provisions: "4. The application and survey upon which the issuance of a policy is predicated shall be considered a part of it, and a warranty by the assured. If the assured, by a written or verbal application for insurance, or by survey, plan, or description, or otherwise, makes any erroneous representations, or omits to make known any fact material to the risk, . . . . then, and in every such case, this policy shall be void."

The application upon which the policy was issued stated that the building insured was ninety feet from other buildings, but after answering the various questions, contained the following: "And the applicant hereby covenants that the foregoing is a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property to be insured, *so far as the same are known to the applicant* and material to the risk."

The evidence showed very clearly that the building insured was not ninety feet from other buildings, but was somewhat under eighty feet therefrom. And in relation to this the judge instructed the jury as follows: "The defendant in this action seeks to avoid its liability under this policy upon the ground, among others, that in the application originally made the applicant stated that the building nearest to the one destroyed was ninety feet away, whereas defendant now claims that it was but seventy-two feet distant, and that there was another building only seventy-four feet away. It is for you to determine from the evidence whether the distance was or was not ninety feet. If you find it was not, it is for you to determine whether such misrepresentation was or was not material, and upon this point you must consider all the evidence relating to the materiality of the statement. If you find that the nearest building was

not ninety feet away, and that this was a material statement, it rendered the policy void, and the plaintiff could not recover, unless the defendant waived its right to declare the policy void."

If the provisions of the policy and application, taken together, amounted to a warranty that the building insured was ninety feet away from other buildings, the above instruction was both erroneous and injurious to the appellant. But in our opinion, although at first view there is some want of harmony between such provisions, they do not show that there was any such warranty as is contended for by the appellant. The application first states that the building insured was ninety feet from other buildings, but concludes with a covenant or agreement that the statements therein contained are true, "*so far as the same are known to the applicant.*" The different provisions must be read together; and when so read, we think it clear that there was no warranty that the building insured was ninety feet from other buildings. The case of *National Bank* v. *Insurance Co.*, 95 U. S. 673, is precisely like this case, except that the statement which was claimed to be untrue was as to the value of the property. It is true, as claimed by the appellant, that value depends a good deal upon opinion and probability, and is not, like distance, a matter which can be accurately ascertained. But the court expressly stated that its opinion did not proceed upon such a construction of the policy. It said: "We rest the conclusion already indicated upon the broad ground that when a policy of insurance contains contradictory provisions, or has been so framed as to leave room for construction rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligations of a warranty."

If there was no such warranty as is claimed by the

appellant, the charge was more favorable than it had a right to expect, and it could not have been injured thereby.

There is nothing in the evidence tending to show that the plaintiff knew exactly what the distance was. The difference between ninety feet and seventy-four or seventy-two feet is not one which the plaintiff would be apt to know; and what evidence there is on the subject tends to show that she did not know it.

2. The policy provided that the loss, if any, was "to be paid within sixty days (if this company shall so elect) after due notice and proof thereof made by the assured and received at the office in accordance with the terms of this policy hereinafter mentioned." It also contained a provision that in case of loss the assured should forthwith give notice of such loss, "and shall also produce a certificate, under the hand and seal of a magistrate or notary public (nearest to the place, not concerned in the loss, as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount which such magistrate or notary public shall certify."

In this connection it may be stated that the Civil Code has the following provision, viz.:—

"Sec. 2637. If a policy requires, by way of preliminary proof of loss, the certificate or testimony of a person other than the insured, it is sufficient for the insured to use reasonable diligence to procure it, and in case of the refusal of such person to give it, then to furnish reasonable evidence to the insurer that such refusal was not induced by any just grounds of disbelief in the facts necessary to be certified."

The plaintiff produced to the company the certificate of one Ramage to the facts required to be stated. But

it is conceded that he was not the nearest magistrate or notary, and that the person who was such (one Turner) had been applied to, and had refused to give the certificate. In connection with this refusal the plaintiff introduced evidence tending to show that her attorney had informed the company's adjuster that "the reason why the certificate was not signed by Mr. Turner was, that he had been engaged by the companies or had been employed by the companies to take some affidavits for them, and for that reason, as I had been informed by Mrs. Noone, he had refused to sign them."

There was also evidence tending to show that a few days after the fire Turner had given instructions to have measurements taken of the distance of the building insured from other buildings. And we do not see why he should have done so, unless he was acting in the interest of the company. The inference that he was so acting is not rebutted by any evidence. And if he was employed by the company, it was not necessary for the plaintiff to produce evidence to the company of such fact.

In relation to the foregoing, the court charged the jury as follows: "Evidence has been offered to show that at the time plaintiff furnished proofs of loss to the company, the attorney for plaintiff stated that the reason why the certificate attached to the proofs was not made before the nearest notary was because Mr. Turner, the nearest notary, had refused to sign it, stating to the plaintiff that he had been engaged for the company, and could not do it. It is the duty of the court to determine whether by so doing the plaintiff furnished to the company reasonable evidence that the refusal of Mr. Turner was not induced by any just grounds of disbelief in the facts necessary to be certified. If you believe this evidence, the court instructs you that the reason given to the company for not producing the certificate of Mr. Turner, the nearest notary, was sufficient, and that the certificate furnished was a sufficient com-

pliance with the requirements of the policy as modified by the law."

There may have been a slight inaccuracy in the statement of the testimony in this instruction. But, as above stated, if Turner was employed by the company to take measurements, etc., as is to be inferred from the evidence, we think that, of itself, was a reason why the plaintiff was relieved of the necessity of getting his certificate to the justice of her claim, and that it was not necessary to inform the defendant of the fact.

In this view, there was nothing to be waived, and all that part of the case relating to waiver may be regarded as surplusage.

We do not see any conflict in the instructions, or any material error in relation thereto, or in the record. Our opinion is, that the judgment and order denying a new trial should affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.

Hearing in Bank denied.